**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA LEONARD, | No. 14-55049 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-10003-SVW-SS |
| v. | |
| METLIFE INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| THERESA LEONARD, | No. 14-55141 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-10003-SVW-SS |
| v. | |
| METLIFE INSURANCE COMPANY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 11, 2016
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: REINHARDT, MURGUIA, and OWENS, Circuit Judges.

In No. 14-55049, Plaintiff Theresa Leonard appeals from the district court's judgment entered against her in an action for disability benefits brought under the Employee Retirement Income Security Act of 1974 (ERISA). In No. 14-55141, Defendant MetLife Insurance Company (MetLife) cross-appeals from the district court's holding that Plaintiff's action was not barred by the statute of limitations. As the parties are familiar with the facts, we do not recount them here. We affirm in No. 14-55049, and we dismiss MetLife's cross-appeal in No. 14-55141.

1.      We have jurisdiction over Plaintiff's appeal under 28 U.S.C. § 1291, and affirm the district court's judgment entered against Plaintiff. The district court properly concluded that Plaintiff was required to exhaust her administrative remedies before bringing this action. Although not specifically mandated by ERISA, this court requires an ERISA plaintiff to avail "herself of a plan's own internal review procedures before bringing suit in federal court." *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 626 (9th Cir. 2008) (quoting *Diaz v. United Agric. Emp. Welfare Plan & Tr.*, 50 F.3d 1478, 1483 (9th Cir. 1995)). A plaintiff can forgo this exhaustion requirement, however, when exhausting administrative remedies would be futile or a plan does not establish or

2

follow claims procedures as required by ERISA. *See id.* at 626-27. Here, Plaintiff failed to show that either exception applied.

First, Plaintiff failed to show that appealing MetLife's determination through the process outlined in the plan was "demonstrably doomed to fail." *Diaz*, 50 F.3d at 1485. Plaintiff's argument that appealing would have been futile because MetLife was bent on denying her benefits is belied by the record. MetLife had previously reversed a claims determination when Plaintiff followed the appeals process outlined in the plan. Furthermore, the record shows that MetLife made several attempts to collect additional information to determine whether Plaintiff qualified for benefits during the Any Occupation Period. Plaintiff also argues that exhausting her administrative remedies would have been futile because MetLife had all of the information that it needed. As MetLife explained, however, the definition of "disabled" changed during the Any Occupation Period and MetLife needed updated medical records. Even assuming that MetLife had all of the information it needed, that does not excuse Plaintiff from failing to appeal based on the assumption that an appeal would have been futile, especially in light of MetLife's previous reversal of its claim determination.

Second, Plaintiff failed to show that MetLife's claim procedures violated ERISA. Specifically, the record does not support Plaintiff's contention that

3

MetLife's denial letter failed to provide a basis for the denial. MetLife's letter outlined its reasoning for denying her benefits under the Any Occupation Period. Furthermore, Plaintiff fails to support her argument with persuasive authority that she is entitled to this exception because MetLife failed to consult with a vocational expert before making its claim determination.

2.      Defendant brings a cross-appeal to challenge the district court's holding that Plaintiff's action was not barred by the applicable statute of limitations. However, because Defendant's cross appeal challenges a ruling, and not a judgment, we lack jurisdiction to hear it. Accordingly, we dismiss the cross-appeal in No. 14-55141.

No. 14-55049: **AFFIRMED.**

No. 14-55141: **DISMISSED.**